◼ GEORGE W. CANADAY et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 49028.) — SWEENEY, J. Appeal from a judgment entered February 27, 1969 upon a decision of the Court of Claims. On January 20, 1967 the State appropriated respondents' entire residential estate consisting of 5.87 acres located in the Town of East Greenbush, Rensselaer County. The property was comprised of a house built in 1962 and numerous other buildings and improvements, together with an artificial pond covering about 2.2 acres of this land. Only 43% of the pond acreage was owned by claimants. The remainder was occupied under a lease arrangement with the adjoining owner. Although the State's appraisal contained a recital of costs figures, it relied fully on the market data approach and arrived at a figure of $60,000 total valuation for the land and improvements. It used a figure of $1,400 per acre for the land and added $1,000 per acre to reflect the enhanced value due to the pond. Claimants' appraiser used a combination of duplication costs and land development costs, with no depreciation for the buildings; he depreciated the development cost of the pond from $35,000 to $20,000 and reached a total valuation of $83,100. The trial court stated in its decision that it adopted the basic approach of the State's appraiser. It placed a $4,000 per acre figure on the land, including the pond, added a certain enhancement value to each improvement and arrived at a total award of $74,530, from which the State appeals. Basically the State contends that the trial court erred in arriving at its determination since it did not use the State's comparison approach, but adopted claimants' approach by separate allowances for the improvements based on reproduction costs. With this contention we agree. The court's use of a market data approach such as relied upon by the State is not borne out by its decision. Claimants' appraiser testified that the pond and the view made the property unique. He could find no comparable property in southern Rensselaer County. The State's appraiser narrowed his comparables to one in particular located in Albany County and testified that the subject property was not particularly unique. The court made no finding of uniqueness or specialty. The fact that claimants' property was a suburban residential estate with a beautiful view, an attractive pond and many recreational facilities, luxuriously appointed to claimants' particular liking, is insufficient to classify the property as a specialty. (*McKeon* v. *State of New York*, 31 A D 2d 566.) Since claimants relied solely on the cost approach and offered no proof of comparable sales, the State's enhanced value of $2,400 per acre must be accepted for the 5.87 acre taking, rather than the Court of Claims' arbitrary figure of $4,000 per acre. (*Evans* v. *State of New York*, 31 A D 2d 565.) On this basis a reduction of the award in the amount of $9,392 is justified. Since the awards for individual improvements were properly drawn from the testimony, no further reductions are necessary. Judgment modified, on the law and the facts, so as to reduce the award to $65,138, together with appropriate interest, and, as so modified, affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.